# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDA MOLINA, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF VISALIA, et. al.<br><br>        Defendants. | Case No. 1:13-cv-01991-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS<br><br>(ECF Nos. 17, 22)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.

## PROCEDURAL HISTORY

Plaintiffs filed this action on December 4, 2013, against Defendants City of Visalia, Visalia Police Department, Colleen Mestas and Doe defendants alleging violations of the Fourth and Fourteenth Amendments, and state law claims. (ECF No. 1.) On December 20, 2013, Defendant Visalia Police Department was dismissed from this action based upon the stipulation of the parties. (ECF No. 14.) On February 4, 2014, Defendants filed a motion to dismiss. (ECF No. 17.) Plaintiffs filed an opposition on February 19, 2014. (ECF No. 22.) Defendants filed a reply on February 26, 2014. (ECF No. 25.)

The Court heard oral arguments on March 5, 2014. (ECF No. 27.) Counsel Charles Phillip Charlton appeared for the minors and Jessie French appeared telephonically for Plaintiffs,

1  and Leonard Herr and Ron Statler appeared telephonically for the Defendants.  Id.  During the

2  hearing, the parties were allowed to provide supplemental briefing by March 12, 2014 on

3  whether Plaintiffs were able to bring a claim deprivation of family relations under article I

4  section 7 of the California Constitution.  On March 12, 2014, Defendants filed supplemental

5  briefing.[1]  Plaintiffs did not file a supplemental briefing.

6         Having considered the moving, opposition and reply papers, the declarations and exhibits

7  attached thereto, arguments presented at the March 5, 2014 hearing, as well as the Court's file,

8  the Court issues the following finding and recommendation.

9                                          **II.**

10                            **COMPLAINT ALLEGATIONS**

11        On or about October 26, 2012, Edward Maduena was driving a vehicle and Rueben

12  Molina, Nicholas Chavez, Robert Ruiz, and an identified female were passengers.  (Compl. ¶ 19,

13  ECF No. 1.)  Three Visalia Police Department Officers, who are part of the gang unit, observed

14  the vehicle containing the five "Latino-looking" individuals and began following them.  (Id. at ¶

15  20.)  Mr. Maduena stopped his vehicle at a stop sign, and according to the officers, he crossed

16  the limit line and failed to come to a complete stop.  As Mr. Maduena proceeded through the

17  intersection, one of the officers activated his vehicle's flashing lights in order to initiate a traffic

18  stop.  (Id. at ¶ 21.)

19        Mr. Maduena did not pull over and a police chase ensued.  As Mr. Maduena was

20  attempting to exit Highway 99 onto Avenue 304, he lost control of his vehicle and the vehicle

21  overturned, coming to rest on the roof in a dirt lot.  (Id. at ¶ 22.)  Several police vehicles were

22  following Mr. Maduena and followed the vehicle into the lot, stopping so their headlights shined

23  on the vehicle, illuminating it and the lot.  (Id. at ¶ 23.)  As the occupants of the vehicle tried to

24  exit, officers repeatedly shot Mr. Maduena, Mr. Molina, and Mr. Chavez.  Mr. Maduena and Mr.

25  Molina were killed; and Mr. Chavez was severely injured.  (Id. at ¶ 25.)

---

[1] In their briefing, Defendants argue that Porter v. Osborn, 546 Fed.3d 1131 (2008) did not determine whether there is a federal cause of action under the Civil Rights Act for deprivation of familial association.  However, federal courts routinely recognize the claim of deprivation of familial association as a substantive due process claim.  The issue here is whether there is a cause of action under the California Constitution for which Plaintiffs can obtain damages.

1    Plaintiffs allege that Defendant Mestas was the Chief of Police and failed to properly

2  train the officers in pursuing, stopping, apprehending individuals and how to deal with multiple

3  passengers involved in a police chase.  (Id. at ¶¶ 27, 28.)  Plaintiffs bring this action alleging

4  excessive force in violation of the Fourth Amendment, violation of substantive due process,

5  municipal and supervisorial liability under 42 U.S.C. § 1983, and state law claims of wrongful

6  death, deprivation of familial relationship, negligence, negligent training and retention, and

7  assault and battery.

8                                           **III.**

9                                    **LEGAL STANDARD**

10    Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on

11  the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."  A

12  complaint must contain "a short and plain statement of the claim showing that the pleader is

13  entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not

14  require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

15  unlawfully harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

16  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In assessing the sufficiency of a

17  complaint, all well-pleaded factual allegations must be accepted as true.  Iqbal, 556 U.S. at 678-

18  79.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

19  conclusory statements, do not suffice."  Id. at 678.

20                                           **IV.**

21                                      **DISCUSSION**

22    Defendants bring this motion to dismiss Plaintiffs' first and third through seventh causes

23  of action pursuant to Federal Rules of Civil Procedure 12(b)(6).

24    **A.    Defendant Mestas**

25    Defendants initially move to dismiss any claims against Defendant Mestas in her

26  individual capacity arguing that there are no allegations in the complaint of any act or failure to

27

28

                                               3

act by Defendant Mestas.   (P. & A. in Support of Mot. to Dismiss 2,[2] ECF No. 17-1.) Defendants contend that Plaintiffs' opposition does not oppose the motion to dismiss claims against Defendant Mestas in her individual capacity.  (City's Reply to Pls.' Opp. 2, ECF No. 25.) Other than stating that the claim is brought against Defendant Mestas in her individual and official capacities and that she failed to train the officers, Plaintiffs do not address Defendants argument that the individual capacity claims fail to state a claim.  (Pls.' Opp. to Defs.' Mot. to Dismiss 5-6, 7-10, ECF No. 22.)

Government officials may not be held liable for the actions of their subordinates under a theory of <u>respondeat</u> <u>superior</u>.  <u>Iqbal</u>, 550 U.S. at 677.  However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' "  <u>Starr v. Baca</u>, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989)).  The law clearly allows an action where the plaintiff shows that the supervisor breached a duty to the plaintiff which was the proximate cause of the injury.  <u>Starr</u>, 652 F.3d at 1207.  This  causal  connection  can  be established by the supervisor's culpable action or inaction in the training, supervision, or control of his subordinates.  <u>Dubner v. City and County of San Francisco</u>, 266 F.3d 959, 968 (9th Cir. 2001).

In this instance, Plaintiffs' complaint only sets forth "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that do not suffice to state a claim against Defendant Mestas in her individual or official capacity.  <u>Iqbal</u>, 556 U.S. at 678. The Court recommends that Defendants' motion to dismiss the individual and official capacity claims against Defendant Mestas be granted.

**B.**      **City of Visalia**

Defendants move to dismiss the first cause of action against Defendant City of Visalia for excessive force in violation of the Fourth Amendment and due process arguing it is based upon

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

respondeat superior liability.[3]  (ECF No. 71-1 at 2-3.)  Defendants also seek to dismiss the City of Visalia from the third cause of action alleging <u>Monell</u> liability.  (<u>Id.</u> at 4-5.)  Plaintiffs contend that the complaint properly pleads a custom and policy claim against the City of Visalia for the failure to properly train the officers on the use of deadly force against civilians.  (ECF No. 22 at 8-11.)

"A municipality's failure to train an employee who has caused a constitutional violation can be the basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the employee comes into contact."  <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1186 (9th Cir. 2006)*; see* <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 388 (1989).  A municipality may be held liable by showing 1) a practice or custom which constitutes a standard operating procedure of the entity; 2) "by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision," or 3) "by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate."  <u>Ulrich v. City and County of San Francisco</u>, 308 F.3d 968, 984-85 (9th Cir. 2002) (internal punctuation and citations omitted).

"For purposes of liability under <u>Monell</u>, a 'policy' is 'a deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'  <u>Fogel v. Collins</u>, 531 F.3d 824, 834 (9th Cir. 2008) (quoting <u>Fairley v. Luman</u>, 281 F.3d 913, 918 (9th Cir.2002)).  To

---

[3] Defendants argue Plaintiffs' claims under a substantive due process standard.  Claims alleging excessive force in making an arrest are analyzed under the Fourth Amendment "objective reasonableness" standard rather than under a substantive due process standard.  <u>Price v. Sery</u>, 513 F.3d 962, 967 (9th Cir. 2008).  "Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."  <u>Graham v. Connor</u>, 490 U.S. 386, 394 (1989) <u>overruled on other grounds by Saucier v. Katz</u>, 533 U.S. 194 (2001).

However, the Fourteenth Amendment Due Process clause provides standing for relatives of victims of unlawful police killings to bring their claims.  <u>Moreland v. Las Vegas Metropolitan Police Dep't</u>, 159 F.3d 365, 371 (9th Cir. 1998).  To the extent that Defendants are attempting to challenge the plaintiffs' standing based on the alleged facts, Plaintiffs have alleged that as the decedents were exiting the vehicle in an injured state, fifteen officers opened fire on them without provocation.  This is sufficient to meet the "shock the conscience" standard to confer standing.  (ECF No. 1 at ¶ 25.)

1  hold the municipality liable, the failure to train must be the moving force behind the

2  constitutional violation.  Canton, 489 U.S. at 391.

3       "Allegations of Monell liability will be sufficient for purposes of Rule 12(b)(6) where

4  they: (1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient;

5  (3) explain how the policy/custom caused the plaintiff harm; and (4) reflect how the

6  policy/custom amounted to deliberate indifference, i.e. show how the deficiency involved was

7  obvious and the constitutional injury was likely to occur."   Young v. City of Visalia, 687

8  F.Supp.2d 1155, 1163 (E.D. Cal. 2010).

9       Plaintiffs' complaint alleges that the Chief of Police failed to properly train and supervise

10 officers on the proper procedure for arrest and detention during a police chase and the use of

11 force.  (ECF No. 1 at ¶¶ 9, 10, 17, 28, 29, 30.)  This failure to train is claimed to be the cause of

12 the officers' escalating the situation which directly led to the use of deadly force in this instance.

13 (Id. at 36.)  Plaintiffs argue that proper training would have allowed the officers to effectuate the

14 detention of the individuals without the use of deadly force.  (Id. at ¶ 30.)

15      Plaintiffs' pleading tracks the elements of a failure to train claim, however, Plaintiffs only

16 state conclusory allegations regarding any failure to train, and do not identify any specific

17 training that was deficient, or how the policy amounted to deliberate indifference.  A single

18 incident without more is insufficient to show that there was a policy or custom of failure to train.

19 City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985).

20      Plaintiffs state that the pleadings in this action are similar to those in Lee v. City of Los

21 Angeles, 250 F.3d 668 (9th Cir. 2001) which were found to state a Monell claim.  However, Lee

22 was decided prior to Iqbal and the pleading standard is now higher.  Wilhelm v. Rotman, 680

23 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, a plaintiff's claims

24 must be facially plausible, which requires sufficient factual detail to allow the Court to

25 reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S.

26 at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer

27 possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely

28 consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal,

556 U.S. at 678; <u>Moss</u>, 572 F.3d at 969.  Plaintiffs have failed to state a cognizable claim for municipal liability based on the failure to train.  The Court recommends that Defendants' motion to dismiss Defendant City of Visalia be granted.

### C.    State Law Claims

Defendants move to dismiss the state law claims alleged in claims four through seven arguing that they are a list of failures by the defendants without any facts that would lead to a plausible claim that any defendant either acted or failed to act.  (ECF No. 71-1 at 5.)

The California Tort Claims Act provides that unless provided by statute, "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."  Cal. Gov. Code § 815(a).  "All government tort liability must be based on statute."  <u>Young</u>, 687 F.Supp.2d at 1164 (quoting <u>Hoff v. Vacaville Unified Sch. Dist.</u>, 19 Cal.4th 925, 932 (1998)).

A government entity may be held 1) directly liable if a specific statute provides for liability or creates a duty of care apart from general tort principles; or 2) vicariously liable for the torts of its employees committed within the course and scope of their employment.  <u>De Villers v. County of San Diego</u>, 156 Cal.App.4th 238, 251 (2007); Cal. Gov. Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.").  While Cal. Gov. Code § 820(a) provides that public employees are liable for their acts or omissions to the same extent of that of a private person, no similar provision makes public entities liable for their own negligent act or omission to the same extent as that of a private person or entity.  <u>Eastburn v. Regional Fire Protection Authority</u>, 31 Cal.4th 1175, 1179-80 (2003).

### 1.    <u>Wrongful Death (Cal. Gov. Code §§ 815.2(a), 820(a); Cal. Civ. Code § 43)</u>

Claim four alleges a wrongful death claim against all defendants.  (ECF No. 1 at ¶¶ 61-67.)  Defendants contend this claim is based upon the defendants' failure to use ordinary care in training and supervising employees without any facts from which one might infer such a failure.

1   (ECF No. 71-1 at 6.)  Plaintiffs argue that the complaint sets forth sufficient facts describing the

2   incident and the use of deadly force to state a cognizable claim.  (ECF No. 22 at 11.)

3       Under California law a surviving spouse, domestic partner, and children, or if there is no

4   surviving issue the person who would be entitled to the property of the decedent by intestate

5   succession, have standing to assert a wrongful death claim on behalf of the decedent.  Cal. Code

6   Civ. P. § 377.60(a).  As relevant here, the elements for a wrongful death claim are 1) negligence;

7   2) a resulting death; 3) and damages, which are the pecuniary loss suffered by the heirs.  Quirez

8   v. Seventh Ave. Center, 140 Cal.App.4th 1256, 1263 (2006).  The California Supreme Court has

9   held that "an officer's lack of due care can give rise to negligence liability for the intentional

10  shooting death of a suspect."  Munoz v. Olin, 24 Cal.3d 629, 634 (1979) (citing Grudt v. City of

11  Los Angeles, 2 Cal.3d 575 (1970)).

12      Defendants seek to dismiss this entire cause of action against all defendants based upon

13  the failure to plead a claim for the failure to train and supervise employees.  However, Plaintiffs

14  have brought this claim against the fifteen unidentified officers who opened fire on the occupants

15  of the vehicle.  Plaintiffs contend that as a result of the negligent actions of the officers, Mr.

16  Maduena and Mr. Molina were killed.  Defendants' motion to dismiss the claims against

17  Defendants City of Visalia and Mestas should be granted for the reasons discussed supra at IV.B.

18  However, the allegations against the unidentified Doe defendants are sufficient to state a

19  cognizable claim.  Plaintiffs will need to file a motion to amend their complaint once they have

20  ascertained the identities of the Doe defendants.

21          2.      Deprivation of Familial Relationship (Cal. Const. Art. I § 7)

22      In the fifth claim, Plaintiffs seek damages for violation of article I section 7 of the

23  California Constitution.  Article I section 7 provides that "[a] person may not be deprived of life,

24  liberty, or property without due process of law or denied equal protection of the laws."  In

25  Katzberg v. Regents of University of California, 29 Cal.4th 300 (2002), the California Supreme

26  Court considered the plaintiff's claim that he was entitled to seek damages under article I, section

27  7 for the violation of his due process liberty interest.  29 Cal.4th at 306.  The Court set forth the

28  framework to use in determining if damages could be sought for a violation of the California

Constitution.

First, a court is to consider "whether there is evidence from which we may find or infer, within the constitutional provision at issue, an affirmative intent either to authorize or to withhold a damages action to remedy a violation." Id. at 317.  Second, "if no affirmative intent either to authorize or to withhold a damages remedy is found," the court is to "undertake the 'constitutional tort' analysis adopted by Bivens and its progeny." Id.  The court explained that:

> [a]mong the relevant factors in this analysis are whether an adequate remedy exists, the extent to which a constitutional tort action would change established tort law, and the nature and significance of the constitutional provision. If we find that these factors militate against recognizing the constitutional tort, our inquiry ends. If, however, we find that these factors favor recognizing a constitutional tort, we also shall consider the existence of any special factors counseling hesitation in recognizing a damages action, including deference to legislative judgment, avoidance of adverse policy consequences, considerations of government fiscal policy, practical issues of proof, and the competence of courts to assess particular types of damages.

Id.  Considering these factors, the California Supreme Court held that there is no right to seek damages for a violation of due process under article I section 7 of the California Constitution. Id. at 329.

As the California Supreme Court analyzed in Katzberg "there is no indication in the language of article I, section 7(a), nor any evidence in the history of that section, from which we may find, within that provision, an implied right to seek damages for a violation of the due process liberty interest." Katzberg, 29 Cal.4th at 324.  However, the California Supreme Court found the provision does not foreclose the award of damages so under Katzberg, this Court must proceed to the second analysis: whether it would be appropriate to recognize a tort action for damages to remedy a constitutional violation.  Id. at 325.

As discussed supra at IV.C.1., California law allows the family of the deceased the standing to bring suits for wrongful death and other torts.  Chavez v. Carpenter, 91 Cal.App.4th 1433, 1439-40 (2001).  An adequate remedy exists for Plaintiffs in this instance.  Therefore, the first factor in this analysis weighs against finding a new constitutional tort.

It is well established that generally an individual only has standing to assert his own legal rights.  California tort law does recognize a cause of action for infliction of emotional distress,

1   but even this tort cause of action requires that the plaintiff have contemporary knowledge of the

2   wrongful conduct.  Dillon v. Legg, 68 Cal.2d 728, 741.  Allowing a plaintiff to sue for an injury

3   to a third party, of which he was unaware until after the fact, would significantly expand

4   California tort law.

5       As the Katzberg court recognized, the liberty interest in article I, section 7 is both

6   important and fundamental.  Katzberg, 29 Cal.4th at 328.  "But absent the applicability of the

7   other relevant factors discussed here, the relative importance of the constitutional right is of little

8   help in determining the availability of a damages remedy for a violation of that right."  Id.

9       In the opposition filed February 22, 2014 and prior to the hearing, Plaintiffs relied on

10  Porter v. Osborn, 546 F.3d 1131 (9th Cir. 2008) to argue that a substantive due process claim

11  may be brought by the family of an individual who was shot and killed by a police officer.

12  However, Porter addressed the due process right under the Fourteenth Amendment to familial

13  association.  Porter, 546 F.3d at 1136.  Porter is inapplicable to the issue of whether Plaintiffs

14  may seek damages under the California constitution.  The Court finds that California would not

15  recognize a constitutional tort to remedy the asserted violation of article I, section 7 in this

16  instance.

17      The Court provided Plaintiffs with the opportunity to provide a basis for their state law

18  cause of action for deprivation of family relations and they have failed to do so.  Defendants'

19  motion to dismiss the claim for deprivation of the familial relationship in violation of article I

20  section 7 should be granted, without leave to amend.

21      3.    Negligence

22      Under California law, the elements for a negligence cause of action are "1) a legal duty to

23  use reasonable care, 2) breach of that duty, and 3) proximate or legal cause between the breach

24  and 4) the plaintiff's injury."  Phillips v. TLC Plumbing, Inc., 172 Cal.App.4th 1133, 1139

25  (2009) (internal punctuation and citations omitted).  For the reasons discussed at IV.B, Plaintiffs'

26  claims against Defendants City of Visalia and Mestas fail to state a cognizable claim.  However,

27  Plaintiffs' allegations that the officers were negligent in using deadly force when the decedents

28  did not pose a reasonable threat of harm to any person is sufficient to state a claim against the

unidentified officers who fired upon the decedents.  The Court recommends that Defendants' motion to dismiss the negligence cause of action should be granted for Defendants City of Visalia and Mestas and denied for the fifteen unidentified defendants who fired upon the decedents and Plaintiff Chavez.

### 4.   Negligent Training and Retention

Plaintiffs bring this cause of action for negligent training and retention against supervisory defendants and the City.  California law recognizes the theory that an employer can be liable to a third party for the negligent hiring, training, or supervision of an employee. Phillips, 172 Cal.App.4th at 1139-40.  "Liability for negligent supervision and/or retention of an employee is one of direct liability for negligence, not vicarious liability."  Delfino v. Agilent Technologies, Inc., 145 Cal.App.4th 790, 815 (2006).

Under California law there is no direct entity liability for negligent training or retention and Plaintiffs may not bring a direct liability claim against the City of Visalia for negligent training or retention.  De Villers, 156 Cal.App.4th at 253-56.  Plaintiffs have failed to sufficiently allege any facts to state a cognizable claim for negligent training or retention.  Accordingly, the Court recommends that Defendants' motion to dismiss the seventh cause of action for negligent training and retention be granted.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.   Defendants' motion to dismiss should be GRANTED IN PART and DENIED IN PART as follows:

   a.   Defendants' motion to dismiss the individual capacity claims against Defendant Mestas for failure to state a claim be GRANTED;

   b.   Defendants' motion to dismiss the municipal liability claim for failure to train and supervise be GRANTED;

   c.   Defendants' motion to dismiss the wrongful death claim against Defendants City of Visalia and Mestas be GRANTED and the wrongful death claim against the fifteen unidentified defendants be DENIED;

d.   Defendants' motion to dismiss the negligence cause of action be GRANTED for Defendants City of Visalia and Mestas and DENIED for the fifteen unidentified defendants;

e.   Defendants' motion to dismiss the negligent training and retention cause of action be GRANTED; and

2.   Plaintiffs be granted an opportunity to file an amended complaint to correct the deficiencies described in this order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __March 14, 2014__

_____
UNITED STATES MAGISTRATE JUDGE