# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDA MOLINA, et al., | Case No.  1:13-cv-01991-LJO-SAB |
| Plaintiffs, | ORDER ADOPTING AS MODIFIED FINDINGS AND RECOMMENDATIONS |
| v. | (ECF No. 17, 22, 23, 25, 28, 29, 30) |
| CITY OF VISALIA, et. al. | FOURTEEN DAY DEADLINE |
| Defendants. | |

Plaintiffs filed the complaint in this action on December 4, 2013.  (ECF No. 1 ("Compl.").)  Defendants filed a motion to dismiss on February 4, 2014 which was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  (ECF Nos. 17, 18.)

On March 14, 2014, the Magistrate Judge filed Findings and Recommendations ("F&Rs") which were served on the parties and which contained notice to the parties that any objections to the F&Rs were to be filed within fourteen days.  On March 25, 2014, Plaintiffs filed an Objection. Plaintiffs object to the recommendation that the fourth and sixth claims for relief against Defendant City of Visalia ("the City") be dismissed, arguing they properly state claims for vicarious liability and that the Magistrate Judge incorrectly applied the federal standard under 28 U.S.C. § 1983 rather than the applicable state court law. The Court has performed a de novo review pursuant to 28 U.S.C. § 636(b)(1).  Having carefully reviewed the entire file, the Court adopts the F&Rs with the modifications described below.

Defendants moved to dismiss the fourth claim for relief for failure to use ordinary care in training and supervising the City's police officers.  (Mot. to Dismiss 6, ECF No. 17-1.)  The Magistrate Judge was correct in finding that Plaintiffs' fourth claim for relief fails to state a claim against the City or Defendant Mestas for negligent training and supervision.  As stated in the F&Rs, to the extent that such liability exists, "[l]iability for negligent supervision and/or

1 retention of an employee is one of <u>direct</u> liability for negligence, not vicarious liability." <u>Delfino</u>
2 <u>v. Agilent Technologies, Inc.</u>, 145 Cal.App.4th 790, 815, 52 Cal.Rptr.3d 376 (2006) (emphasis
3 added). Moreover, negligence liability will only be imposed upon a supervisor or employer that
4 "knew or should have known" that the particular hiring/supervision decision or training practice
5 "created a particular risk or hazard." <u>Phillips v. TLC Plumbing, Inc</u>., 172 Cal.App.4th 1133,
6 1139, 91 Cal.Rptr.3d 864 (2009).  Plaintiffs have not set forth specific facts sufficient to suggest
7 plausibly that Defendant Mestas or the City had any reason to know that their training practices
8 or supervision decisions created a risk of harm. The Complaint is filled with generic assertions
9 that address this issue. For example, Plaintiffs allege that the City and Mestas "knew, or in the
10 exercise of reasonable diligence, should have known" that the involved police officers and other
11 personnel "including DOES 1 through 15 ... were dangerous and violent employees, prone to fire
12 their firearms without reasonable justification, and in a manner that would demonstrate callous
13 disregard for the rights and safety of civilian citizens." Compl. ¶ 64.  But, the Complaint is
14 totally devoid of specific factual allegations to support these conclusory assertions.  Moreover,
15 how could Plaintiffs possibly support an assertion that the specific individual Doe Defendants
16 had such violent tendencies when those Defendants have yet to be identified?  The F&Rs
17 correctly concluded that the fourth claim for relief fails to state a claim for negligent training or
18 supervision under California law against any Defendant.

19 However, the F&Rs found the fourth claim for relief also stated a claim against the
20 fifteen unnamed individual defendants based upon the use of force.  Pursuant to California
21 Government Code section 815.2(a), the City can be held "liable for injury proximately caused by
22 an act or omission of an employee of the public entity within the scope of his employment."  The
23 fourth claim for relief states a wrongful death claim against the City based on the use of force by
24 the officers.

25 Plaintiffs also object to the recommendation to dismiss the City from the sixth claim for
26 relief arguing that the claim properly alleges vicarious liability under state law for the excessive
27 use of force by the unidentified officers.  While the content of the sixth claim for relief addresses
28 only direct liability by the defendants in this action, the caption to the sixth claim for relief does

2

assert that claim against "all defendants." Compl. at 18. Reading the Complaint as a whole, the Court finds that the allegations are sufficient to support a vicarious liability claim against the City based upon the acts of the officers and to place the City on notice of that vicarious liability claim. Accordingly, the Court declines to dismiss the City from the sixth claim for relief.

Plaintiffs also contend that a more lenient pleading standard should be applied to their claims based upon a failure to train and supervise and policies or procedures so they may conduct discovery. Plaintiffs reliance on Ideal Steel Supply Corp. v. Anza, 652 F.3d 310 (2nd Cir. 2011), is misplaced. In Ideal Steel Supply Corp., the district court "demanded of Ideal a pleading at a level of specificity that was not justified by Twombly." Id. at 25. The Ideal plaintiffs' complaint contained specific allegations of the actions taken by the defendant that harmed plaintiff to state a plausible claim. Id. In this instance, the Magistrate Judge applied the proper pleading standard. Plaintiffs' complaint does not contain sufficient factual allegations to state a plausible claim for relief based upon a failure to train and supervise or a policy or procedure. Further, at the scheduling conference, Plaintiffs will be provided with dates by which they may file an amended complaint if they obtain additional information to support their claims once they have conducted discovery.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed March 14, 2014 are adopted as modified above;
2. Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART as follows:
   a. Defendants' motion to dismiss the individual capacity claims against Defendant Mestas for failure to state a claim is GRANTED;
   b. Defendants' motion to dismiss the claims against the City for failure to train and supervise in the first and third claims for relief is GRANTED;
   c. Defendants' motion to dismiss the wrongful death claim against the City and Defendant Mestas based upon failure to train and negligent supervision in the fourth claim for relief is GRANTED;

       d.    Defendants' motion to dismiss the wrongful death claim against the City and the fifteen unidentified defendants based upon the negligent use of force in the fourth claim for relief is DENIED;

       e.    Defendants motion to dismiss the fifth claim for relief is GRANTED without leave to amend;

       f.    Defendants' motion to dismiss the negligence claim against Defendant Mestas in the sixth claim for relief is GRANTED; and

       g.    Defendants' motion to dismiss the negligence claim against the City and the fifteen unidentified defendants in the sixth claim for relief is DENIED;

       h.    Defendants' motion to dismiss the negligent training and retention claim in the seventh claim for relief is GRANTED; and

3.    Within fourteen (14) days from the date of service of this order, Plaintiffs are granted an opportunity to file an amended complaint.

IT IS SO ORDERED.

Dated: **April 1, 2014**                  /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE