```````

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDA MOLINA, et al., | Case No. 1:13-cv-01991-LJO-SAB |
| Plaintiffs, | ORDER DENYING DEFENDANTS' EXPARTE APPLICATION FOR AN ORDER TO SHOW CAUSE FOR SHANEL ALVARADO |
| v. | |
| CITY OF VISALIA, et. al. | |
| Defendants. | (ECF No.54) |

**I.**

**BACKGROUND**

Plaintiffs Reynalda Molina, Jacqueline Mendez-Maduena, Nicholas Chavez, and minors J.M., G.M., and N.A.C. filed this action on December 4, 2013. (ECF No. 1.) Currently this action is proceeding on the second amended complaint, filed June 20, 2014 against Defendants City of Visalia, and Officers Adam Collins, Daniel Roberts, and Dirk Alfano alleging unreasonable search and seizure in violation of the Fourth Amendment, violations of substantive due process in violation of the Fourteenth Amendment, and state law claims. The claims is this action arise out of an incident in which officers attempted to make a traffic stop which led to a high speed chase and resulted in injury to Nicholas Chavez and the deaths of Edwardo Maduena and Ruben Molina . (ECF No. 40.) On November 20, 2015, Plaintiff Chavez's claims were dismissed with prejudice upon the stipulation of the parties. (ECF No. 50.)

On July 20, 2015, Defendants personally served on nonparty Shanel Alvarado a subpoena to appear for a deposition on August 27, 2015 at 1:00 a.m. in Visalia, California. (Subpoena to Testify at Deposition in a Civil Action, Exhibit A, ECF No. 54-1.) The parties to this action appeared at 1:00 p.m. on August 27, 2015, for the deposition, however Ms. Alvarado did not appear. (Nonappearance of Shanel Alvarado Transcript, Exhibit B, ECF No. 54-1.) On September 2, 2015, Defendants filed an ex parte application for an order to show cause why sanctions should not issue for the failure to appear and for an order compelling attendance at the deposition. (ECF No. 54.)

## II.

## DISCUSSION

Rule 30 of the Federal Rules of Civil Procedure provides that a party may depose any person for oral deposition. Where the person to be deposed is not a party to the action, the deponent's attendance may be compelled by issuing a` subpoena under Rule 45. Fed. R. Civ. P. 30(a)(1).

Rule 45 of the Federal Rules of Civil Procedure sets out the requirements for a subpoena. Fed. R. Civ. P. 45 (a)(1)(A). As relevant here the subpoena must command the individual to appear at the time and place. Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 45(g) provides that the court "may hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or an order related to it." "The party moving for contempt has the burden to establish by clear and convincing evidence that the contemnor has violated a clear and specific court order." Forsythe v. Brown, 281 F.R.D. 577, 587 (D. Nev. 2012) report and recommendation adopted, No. 3:10-CV-00716-RCJ, 2012 WL 1833393 (D. Nev. May 18, 2012).

While the parties were prepared to take the deposition of Ms. Alvarado at 1:00 p.m., the subpoena that was served commanded her to appear at 1:00 a.m. Therefore, Ms. Alvarado did not fail to comply with the subpoena by not being present at 1:00 p.m. Defendants have not met their burden to establish by clear and convincing evidence that Ms. Alvarado violated a clear and specific court order. Forsythe, 281 F.R.D. at 587.

Further, the subpoena that was issued was not signed by either the Clerk of the Court or

an attorney as required by the Rule. Fed. R. Civ. P. 45(a)(3). This Court lacks the authority to compel compliance with an improperly issued subpoena.

Finally, Defendants have not established that they complied with Rule 45(b)(1) regarding the tendering of witness fees and service of the subpoena. Pursuant to Rule 45(b), serving a subpoena "requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). The proof of service shows that no witness fees or mileage were provided when the subpoena was served. (ECF No. 54-1 at 7.)

For these reasons, the Court shall deny the application for an order to show cause due to Shanel Alvarado's failure to appear for deposition.

Defendants also seek an order compelling Shanel Alvarado to appear for a deposition on November 18, 2015 at 9:00 a.m. While Defendants argue that Ms. Alvarado has shown a penchant for trying to evade service, they have presented no evidence to support the assertion. The record shows that the process server personally served Ms. Alvarado in front of an address in Visalia at 9:08 p.m. (ECF No. 54-1 at 7.) When Ms. Alvarado did not appear at the deposition, counsel attempted to contact her at the two phone numbers that they had for her, but both numbers were out of service. (ECF No. 54-1 at 12.) Defendants have not shown that Ms. Alvarado has failed to comply with the subpoena to appear or that she has attempted to evade service of the subpoena. Accordingly, the Court shall deny the request for an order compelling Ms. Alvarado to appear at a set date and time for a deposition. Counsel in this action has the authority under Rule 45 to issue a subpoena compelling the attendance of a nonparty for a deposition.

/ / /
/ / /
/ / /
/ / /

## III.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED THAT Defendants' ex parte application for an order to show cause and order compelling the attendance of Shanel Alvarado is DENIED.

IT IS SO ORDERED.

Dated:  **September 3, 2015**

UNITED STATES MAGISTRATE JUDGE