# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDA MOLINA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF VISALIA, et. al. <br><br> Defendants. | Case No.  1:13-cv-01991-LJO-SAB <br><br> ORDER GRANTING DEFENDANTS' APPLICATION FOR AN ORDER REQUIRING NICHOLAS CHAVEZ TO SHOW CAUSE FOR HIS FAILURE TO APPEAR FOR A DEPOSITION AND ORDERING NICHOLAS CHAVEZ TO APPEAR ON OCTOBER 7, 2015 TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH SUBPOENA TO APPEAR FOR DEPOSITION <br><br> (ECF No.55) |

Currently before the Court is Defendants' ex parte application for an order for Nicholas Chavez to show cause why sanctions should not issue for his failure to appear at a deposition and an order requiring Mr. Chavez' deposition appearance.  Defendants are also seeking sanctions of $2,097.50 for the costs incurred in this proceeding.

## I.

## BACKGROUND

Plaintiffs Reynalda Molina, Jacqueline Mendez-Maduena, Nicholas Chavez, and minors J.M., G.M., and N.A.C. filed this action on December 4, 2013.  (ECF No. 1.)  Currently this action is proceeding on the second amended complaint, filed June 20, 2014 against Defendants

1

City of Visalia, and Officers Adam Collins, Daniel Roberts, and Dirk Alfano alleging unreasonable search and seizure in violation of the Fourth Amendment, violations of substantive due process in violation of the Fourteenth Amendment, and state law claims. The claims is this action arise out of an incident in which officers attempted to make a traffic stop which led to a high speed chase and resulted in injury to Nicholas Chavez and the deaths of Edwardo Maduena and Ruben Molina . (ECF No. 40.) On November 20, 2015, Plaintiff Chavez's claims were dismissed with prejudice upon the stipulation of the parties. (ECF No. 50.) During the settlement of this matter between Defendants and Mr. Chavez, Mr. Chavez's counsel agreed to accept notice of the deposition of Mr. Chavez. (Decl. of Leonard C. Herr ¶ 4, ECF No. 55-1.)

On June 29, 2015, Defendants served an amended notice of taking deposition on August 28, 2015 at 9:00 a.m. in Visalia, California and a subpoena. (Am. Notice of Taking Deposition Upon Oral Examination, Exhibit B, ECF No. 55-1 at 16-20.) The parties remaining in this action appeared at 9:00 a.m. on August 28, 2015, for the deposition, however Mr. Chavez did not appear. (Transcript of Nonappearance of Nicholas Chavez, Exhibit B, ECF No. 55-1.) On September 2, 2015, Defendants filed an <u>ex parte</u> application for an order to show cause why sanctions should not issue for the failure to appear and for an order compelling attendance at the deposition. (ECF No. 55.)

**II.**

**DISCUSSION**

**A.     The Subpoena and Service of the Subpoena on Mr. Chavez**

Under Rule 30 of the Federal Rules of Civil Procedure a party may depose any person for oral deposition. Where the person to be deposed is not a party to the action, the deponent's attendance may be compelled by issuing a subpoena under Rule 45. Fed. R. Civ. P. 30(a)(1). Rule 45 of the Federal Rules of Civil Procedure sets out the requirements for a subpoena. Fed. R. Civ. P. 45 (a)(1)(A).

Rule 45 requires that every deposition subpoena must state the court from which it issued, state the title of the action and its civil-action number, specify to each person to whom it is directed the time and place set for the deposition, and set out the text of Rule 45(d) and (e).

Fed. R. Civ. P. 45(a)(1)(B)(i)-(iv). A subpoena commanding a deposition must also set forth the method for recording the testimony. Fed. R. Civ. P. 45(a)(1)(B).

Review of the subpoena issued here shows that it complied with the requirements of Rule 45. The subpoena states that it is issued from the United States District Court for the Eastern District of California and contains the case name and number. The text of Rule 45(d) and (e) is included. The subpoena commands Nicholas Chavez to appear on August 28, 2015 at 9:00 a.m. at 100 Willow Plaza, Suite 300, Visalia, California and states that the deposition will be recorded stenographically and videotaped.

Rule 45 requires "delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). In this instance, Mr. Chavez was a party to this action and is represented by counsel. Counsel provides a declaration stating that during settlement discussions, Mr. Chavez' counsel agreed to accept service of the subpoena on his behalf. The Court finds that the requirements of Rule 45 have been substantially complied with in this instance.

**B.     Contempt Proceedings for Non-Compliance with a Valid Subpoena**

The only authority in the Federal Rules of Civil Procedure to sanction a nonparty to an action for failure to comply with a subpoena is Rule 45(g).[1] Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir. 1983). A properly issued subpoena is itself a court order and a party's noncompliance may warrant contempt sanctions. Pennwalt Corp., 708 F.2d at 494 n.5; U.S. S.E.C. v. Hyatt, 621 F.3d 687, 693 (7th Cir. 2010). Rule 45(g) provides that the court "may hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or an order related to it." Where a party is seeking to have a contempt sanction imposed against a nonparty, the nonparty has the right a meaningful opportunity to be heard. Hyatt, 621 F.3d at 697-97; Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1342 (8th Cir. 1975).

Determining whether a contempt proceeding is civil or criminal is determined by

---

[1] Rule 37 applies to a party's failure to appear for a deposition and provides for the imposition of sanctions following a successful motion to compel or for a party's failure to appear at his own deposition. Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 n.4 (9th Cir. 1983). Since Mr. Chavez has settled and dismissed his claims in this action Rule 37 does not apply.

examining the character of the relief granted.  Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4, 721 F.3d 1122, 1129 (9th Cir. 2013).  Where the purpose of the proceeding is to compel compliance with a court order the action is proceeding for civil contempt.  In re D.I. Operating Co., 240 F.Supp. 672, 675 (D. Nv. 1965).  "[A] court may impose civil contempt sanctions to (1) compel or coerce obedience to a court order, and/or (2) compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." Ahearn, 721 F.3d at 1131.  There is no requirement that the contempt be willful and there is no good faith exception to the requirement that court orders must be obeyed. In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993)

"The party moving for contempt has the burden to establish by clear and convincing evidence that the contemnor has violated a clear and specific court order." Forsythe v. Brown, 281 F.R.D. 577, 587 (D. Nev. 2012) report and recommendation adopted, No. 3:10-CV-00716-RCJ, 2012 WL 1833393 (D. Nev. May 18, 2012).  "Once the moving party shows by clear and convincing evidence that the contemnor has violated a clear and specific court order, the burden shifts to the contemnor to show that he or she took every reasonable step to comply and to explain why compliance was not possible." Forsythe, 281 F.R.D. at 587.

Defendants have established that Mr. Chavez violated a specific and definite order of the Court by failing to appear for the deposition in response to the subpoena.  Accordingly, the Court shall grant the application for an order to show cause.

Defendants request for sanctions is premature and is therefore DENIED without prejudice; however, Mr. Chavez is advised that a financial penalty is a possible contempt sanction.

### III.

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1. Defendants' ex parte application for an order to show cause is GRANTED;

2. Mr. Chavez is ORDERED to appear before the undersigned on **October 7, 2015 at 10:00 a.m. in Courtroom 9, United States District Court, 2500 Tulare**

**Street, Fresno, California 93721** to SHOW CAUSE why he should not be held in contempt for his failure to comply with the subpoena and appear for his deposition;

3. Failure to comply with this order to show cause may subject Mr. Chavez to contempt sanctions, including monetary sanctions; and

4. Defendants are directed to effect service of this order on Mr. Chavez on or before **September 15, 2015**, and to file proof of service of this order on or before **September 22, 2015**.

IT IS SO ORDERED.

Dated:   **September 3, 2015**

UNITED STATES MAGISTRATE JUDGE