# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDA MOLINA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF VISALIA, et. al.<br><br>　　　　Defendants. | Case No.  1:13-cv-01991-LJO-SAB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND FINDING NICHOLAS CHAVEZ IN CONTEMPT FOR FAILURE TO APPEAR AT DEPOSITION<br><br>(ECF Nos. 55, 57) |

Currently pending before the Court is an order for Nicholas Chavez to show cause for his failure to appear for a deposition in this action. (ECF No. 57.) On October 7, 2015, the Court conducted a show cause hearing. Counsel Ron Statler appeared for Defendants. Mr. Chavez appeared at the hearing in person. Counsel Jesse French appeared telephonically on behalf of Mr. Chavez.

## I.

## RELEVANT PROCEDURAL HISTORY

Plaintiffs Reynalda Molina, Jacqueline Mendez-Maduena, Nicholas Chavez, and minors J.M., G.M., and N.A.C. filed this action on December 4, 2013. (ECF No. 1.) Currently this action is proceeding on the second amended complaint, filed June 20, 2014, against Defendants City of Visalia, and Officers Adam Collins, Daniel Roberts, and Dirk Alfano alleging unreasonable search and seizure in violation of the Fourth Amendment, violations of substantive due process in violation of the Fourteenth Amendment, and state law claims. The claims in this action arise out of an incident in which officers attempted to make a traffic stop which led to a

1  high speed chase and resulted in injury to Nicholas Chavez and the deaths of Edwardo Maduena
2  and Ruben Molina . (ECF No. 40.)
3       On November 20, 2015, Plaintiff Chavez's claims were dismissed with prejudice upon
4  the stipulation of the parties. (ECF No. 50.) During the settlement of this matter between
5  Defendants and Mr. Chavez, Mr. Chavez's counsel agreed to accept notice of the deposition of
6  Mr. Chavez. (Decl. of Leonard C. Herr ¶ 4, ECF No. 55-1.)
7       On June 29, 2015, Defendants served an amended notice of taking deposition on August
8  28, 2015 at 9:00 a.m. in Visalia, California and a subpoena on Mr. Chavez. (Am. Notice of
9  Taking Deposition Upon Oral Examination, Exhibit B, ECF No. 55-1 at 16-20.) The parties
10 remaining in this action appeared at 9:00 a.m. on August 28, 2015, for the deposition, however
11 Mr. Chavez did not appear. (Transcript of Nonappearance of Nicholas Chavez, Exhibit B, ECF
12 No. 55-1.) On September 2, 2015, Defendants filed an <u>ex parte</u> application for an order to show
13 cause why sanctions should not issue for the failure to appear and for an order compelling
14 attendance at the deposition. (ECF No. 55.) On September 4, 2015, an order issued requiring
15 Nicholas Chavez to appear for a hearing on October 7, 2015, to show cause why sanctions
16 should not issue for his failure to comply with the deposition subpoena. (ECF No. 57.)

**II.**

**LEGAL STANDARD**

19    The only authority in the Federal Rules of Civil Procedure to sanction a nonparty to an
20 action for failure to comply with a subpoena is Rule 45(g). <u>Pennwalt Corp. v. Durand-Wayland,</u>
21 <u>Inc.</u>, 708 F.2d 492, 494 (9th Cir. 1983). A properly issued subpoena is itself a court order and a
22 party's noncompliance may warrant contempt sanctions. <u>Pennwalt Corp.</u>, 708 F.2d at 494 n.5;
23 <u>U.S. S.E.C. v. Hyatt</u>, 621 F.3d 687, 693 (7th Cir. 2010). Rule 45(g) provides that the court "may
24 hold in contempt a person, who having been served, fails without adequate excuse to obey the
25 subpoena or an order related to it." Where a party is seeking to have a contempt sanction
26 imposed against a nonparty, the nonparty has the right a meaningful opportunity to be heard.
27 <u>Hyatt</u>, 621 F.3d at 697-97; <u>Fisher v. Marubeni Cotton Corp.</u>, 526 F.2d 1338, 1342 (8th Cir.
28 1975).

Civil contempt is characterized by the desire to compel compliance with a court order or to compensate a party for the injuries incurred due to noncompliance with an order. Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 778 (9th Cir. 1983). A sanction that is solely designed to compensate the deposing party is a civil contempt sanction. Pennwalt Corp., 708 F.2d at 495. "The party moving for contempt has the burden to establish by clear and convincing evidence that the contemnor has violated a clear and specific court order." Forsythe v. Brown, 281 F.R.D. 577, 587 (D. Nev. 2012) report and recommendation adopted, No. 3:10-CV-00716-RCJ, 2012 WL 1833393 (D. Nev. May 18, 2012). "Once the moving party shows by clear and convincing evidence that the contemnor has violated a clear and specific court order, the burden shifts to the contemnor to show that he or she took every reasonable step to comply and to explain why compliance was not possible." Forsythe, 281 F.R.D. at 587.

### III.

### DISCUSSION

Defendants seek to have Nicholas Chavez held in contempt for his failure to attend the deposition and request that he be ordered to attend a deposition and testify on November 17, 2015 at 1:00 p.m.[1] The Court has previously found that Defendants met their burden to show that Mr. Chavez has violated a clear and specific court order by failing to appear for his deposition. (ECF No. 57 at 2-3.) Therefore, the burden now shifts to Mr. Chavez to show that he took every reasonable step possible to comply with the subpoena or explain why his compliance was not possible. Forsythe, 281 F.R.D. at 587

Nicholas Chavez appeared at the hearing on October 7, 2015. When asked why he did not show up at his deposition on August 28. Mr. Chavez informed the Court that his car had broken down and he did not have transportation. Mr. Chavez further informed the Court that he did not have the contact information for his attorney or for Defendants' counsel.

///

---

[1] Defendants also moved for sanctions of $2,097.50 for the costs incurred in bringing this motion. Rule 11 of the Federal Rules of Civil Procedure provides that "[a] motion for sanctions must be made separately from any other motion. . . ." Fed. R. Civ. P. 11(c)(2). Based upon the finding that Mr. Chavez committed contempt by failing to appear at the noticed deposition, Defendants shall be provided with an opportunity to file a motion for sanctions.

1     The Court does not accept Mr. Chavez's proffered excuse.  Mr. Chavez could have easily
2 looked up the contact information for his own attorney or for Defendants' attorney.  Mr. Chavez
3 made no effort to do so.  Given that Mr. Chavez was formerly a plaintiff in this action, the Court
4 refuses to accept any suggestion that Mr. Chavez did not have any means to look up the contact
5 information for either his own attorney or Defendants' attorney.

6     Defendants request $2,097.50 in monetary sanctions, representing $577.50 in costs and
7 $1,520.00 in attorneys' fees associated with Mr. Chavez's failure to appear at his deposition.  At
8 the hearing, Mr. Chavez requested a reduced monetary sanction in light of his limited economic
9 means.  The Court will award reduced sanctions.  The Court will order Mr. Chavez to reimburse
10 Defendants for the costs associated with the court reporters and videographers ($577.50) but will
11 only require Mr. Chavez to reimburse Defendants for $500.00 in attorneys' fees.  Mr. Chavez
12 shall pay Defendants a total of $1,077.50 in monetary sanctions due to his unexcused failure to
13 appear at his deposition.  The Court will also order Mr. Chavez to appear at a deposition on
14 November 17, 2015 at 1:00 p.m. at the offices of Herr Pedersen & Berglund.

## IV.

## CONCLUSION AND ORDER

17     Based on the foregoing, IT IS HEREBY ORDERED that:

18     1.    Nicholas Chavez is adjudged to be in contempt of the order requiring him to
19         appear for deposition on August 28, 2015;

20     2.    Nicholas Chavez shall appear for deposition on November 17, 2015 at 1:00 p.m.
21         at the offices of Herr Pedersen & Berglund, 100 Willow Plaza, Suite 300, Visalia,
22         California;

23 //
24 //
25 //
26 //
27 //
28 //

4

3. Nicholas Chavez shall pay Defendants $1,077.50 in monetary sanctions associated with his failure to appear at his deposition and do so in 60 days from entry of this Order; and

4. Failure to comply with this order may subject Mr. Chavez to further contempt sanctions.

IT IS SO ORDERED.

Dated:   **October 7, 2015**

UNITED STATES MAGISTRATE JUDGE

5