# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDA MOLINA, et al., | Case No. 1:13-cv-01991-DAD-SAB |
| Plaintiffs, | ORDER DENYING DEFENDANTS' <u>EX PARTE</u> APPLICATION FOR AN ORDER REQUIRING SHANEL ALVARADO TO SHOW CAUSE FOR FAILURE TO APPEAR AND REQUIRING SHANEL ALVARADO TO APPEAR FOR DEPOSITION ON JANUARY 29, 2016 AT 9:00 A.M. |
| v. | |
| CITY OF VISALIA, et. al. | |
| Defendants. | |
| | (ECF Nos. 65, 68) |

Currently before the Court is Defendants' second <u>ex parte</u> application for an order requiring non-party Shanel Alvarado to appear for a deposition.

**I.**

**BACKGROUND**

Plaintiffs Reynalda Molina, Jacqueline Mendez-Maduena, Nicholas Chavez, and minors J.M., G.M., and N.A.C. filed this action on December 4, 2013. (ECF No. 1.) Currently this action is proceeding on the second amended complaint, filed June 20, 2014, against Defendants City of Visalia, and Officers Adam Collins, Daniel Roberts, and Dirk Alfano alleging unreasonable search and seizure in violation of the Fourth Amendment, violations of substantive due process in violation of the Fourteenth Amendment, and state law claims.

The claims in this action arise out of an incident in which officers attempted to make a traffic stop which led to a high speed chase and resulted in injury to Nicholas Chavez and the deaths of Edwardo Maduena and Ruben Molina. (ECF No. 40.) On November 20, 2015,

Plaintiff Chavez's claims were dismissed with prejudice upon the stipulation of the parties. (ECF No. 50.)

On July 20, 2015, Defendants personally served on nonparty Shanel Alvarado a subpoena to appear for a deposition on August 27, 2015, at 1:00 a.m. in Visalia, California. (Subpoena to Testify at Deposition in a Civil Action, Exhibit A, ECF No. 54-1.) The parties to this action appeared at 1:00 p.m. on August 27, 2015, for the deposition, however Ms. Alvarado did not appear. (Nonappearance of Shanel Alvarado Transcript, Exhibit B, ECF No. 54-1.) On September 2, 2015, Defendants filed an ex parte application for an order to show cause why sanctions should not issue for the failure to appear and for an order compelling attendance at the deposition. (ECF No. 54.) Defendants' application was denied on September 4, 2015, because notice was deficient as the deposition was attempted at a time different the time than Ms. Alvarado was ordered to appear. (ECF No. 56.)

On December 10, 2015, at 8:14 p.m., Ms. Alvarado was personally served with a subpoena to appear for a deposition on December 14, 2015 at 9:00 a.m. (Subpoena to Testify at Deposition in a Civil Action 5-6, ECF No. 65-1.[1]) Ms. Alvarado did not appear on December 14, 2015. (Nonappearance of Shanel Alvarado Transcript 9-14, ECF No. 56-1.) On December 16, 2015, Defendants filed an ex parte application for an order requiring Shanel Alvarado to appear to show cause why she should not be held in contempt for her failure to appear and for an order requiring her to appear for a deposition on January 29, 2016 at 9:00 a.m. (ECF Nos. 65, 68.)

## II.

## DISCUSSION

Rule 30 of the Federal Rules of Civil Procedure provides that a party may depose any person for oral deposition. Where the person to be deposed is not a party to the action, the deponent's attendance may be compelled by issuing a subpoena under Rule 45. Fed. R. Civ. P. 30(a)(1).

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

Rule 45 of the Federal Rules of Civil Procedure sets out the requirements for a subpoena. Fed. R. Civ. P. 45 (a)(1)(A). As relevant here the subpoena must command the individual to appear at the time and place. Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 45(g) provides that the court "may hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or an order related to it." "The party moving for contempt has the burden to establish by clear and convincing evidence that the contemnor has violated a clear and specific court order." Forsythe v. Brown, 281 F.R.D. 577, 587 (D. Nev. 2012) report and recommendation adopted, No. 3:10-CV-00716-RCJ, 2012 WL 1833393 (D. Nev. May 18, 2012).

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(d)(1). The Court must enforce this duty. Fed. R. Civ. P. 45(d)(1). In this instance, Ms. Alvarado was served at 8:14 p.m. on Thursday, December 10, 2015, and was required to appear at 9:00 a.m. on Monday, December 14, 2015. In addressing reasonable notice for a party to appear at a deposition, courts generally find that one week to ten days' notice is reasonable. Guzman v. Bridgepoint Education, Inc., No. 11-0069-WQH (WVG), 2014 WL 1670094, at *2 (S.D. Cal. April 28, 2014); Charm Floral v. Wald Imports, Ltd., No. C10-1550-RSM, 2012 WL 424581, at *2 (W.D. Wash. Feb. 9, 2012); Lam v. City and County of San Francisco, No. C 08-04702 PJH (LB), 2011 WL 4915812, at *3 (N.D. Cal. Oct. 17, 2011). In this instance, the Court finds that providing less than four days' notice to appear at the deposition would impose an undue burden on the deponent. Since the Court finds that the notice in this instance was not reasonable, the Court shall deny Defendants' application for an order to show cause.

Defendants make the conclusory statement that Ms. Alvarado has attempted to avoid service of the subpoena. However, there is no evidence in the record to support this allegation. The Court notes that the proof of service shows that the process server did not receive the subpoena until December 9, 2015, and served Ms. Alvarado the following day. However, since this is the second time that Ms. Alvarado has failed to appear for a deposition, the Court finds it appropriate to issue an order requiring her to appear for a deposition. Defendants shall be required to provide Ms. Alvarado with reasonable notice of the date and time to appear.

## III.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' ex parte application for an order requiring Shanel Alvarado to show cause is DENIED;

2. Defendants shall serve a copy of this order on Shanel Alvarado on or before January 14, 2016;

3. **Shanel Alvarado shall appear for deposition at Herr Pedersen & Berglund LLP, located at 100 Willow Plaza, Suite 300, Visalia, California, on January 29, 2016, at 9:00 a.m.; and**

4. Shanel Alvarado is advised that failure to comply with this order will result in the issuance of sanctions and may result in the issuance of a warrant for her arrest.

IT IS SO ORDERED.

Dated: __December 18, 2015__

UNITED STATES MAGISTRATE JUDGE