# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDA MOLINA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VISALIA, et. al.<br><br>Defendants. | Case No.  1:13-cv-01991-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING FINDING JAIME MAGANA IN CONTEMPT FOR FAILURE TO APPEAR AT DEPOSITION AND DIRECTING OFFICE OF THE CLERK TO SERVE A COPY OF THIS FINDINGS AND RECOMMENDATIONS ON JAIME MAGANA<br><br>(ECF Nos. 61, 62)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

On December 1, 2015, an order issued granting Defendants Dirk Alfano, City of Visalia, Adam Collins, and Daniel Roberts ex parte application for an order for Jaime Magana to show cause why sanctions should not issue for his failure to appear for a noticed deposition.  (ECF No. 62.)  A show cause hearing was held on December 23, 2015 before the undersigned.  (ECF No. 71.)  Counsel Leonard Herr appeared for Defendants.  Mr. Magana appeared at the hearing in person.

/ / /

/ / /

/ / /

1

# I.

## BACKGROUND

Plaintiffs Reynalda Molina, Jacqueline Mendez-Maduena, Nicholas Chavez, and minors J.M., G.M., and N.A.C. filed this action on December 4, 2013.  (ECF No. 1.)  Currently this action is proceeding on the second amended complaint, filed June 20, 2014, against Defendants City of Visalia, and Officers Adam Collins, Daniel Roberts, and Dirk Alfano alleging unreasonable search and seizure in violation of the Fourth Amendment, substantive due process claims in violation of the Fourteenth Amendment, and state law claims.  The claims in this action arise out of an incident in which officers attempted to make a traffic stop which led to a high speed chase and resulted in injury to Nicholas Chavez and the deaths of Edwardo Maduena and Ruben Molina .  (ECF No. 40.)  On November 20, 2015, Plaintiff Chavez's claims were dismissed with prejudice upon the stipulation of the parties.  (ECF No. 50.)

On October 6, 2015, Jaime Magana was personally served with a subpoena requiring him to appear for a deposition on November 18, 2015 at 1:00 p.m.  (Subpoena to Testify at a Deposition in a Civil Action, ECF No. 61-1 at 28.)  The parties in this action appeared at 1:00 p.m. on November 18, 2015, for the deposition, however Mr. Magana did not appear. (Transcript of Nonappearance of Jaime Magana, Exhibit A, ECF No. 61-1 at 5-8.)   On November 25, 2015, Defendants filed an ex parte application for an order to show cause why sanctions should not issue for the failure to appear and for an order compelling attendance at the deposition.  (ECF No. 61.)  On December 1, 2015, this Court issued an order granting the ex parte application and ordering Jaime Magana to appear on December 23, 2015 to show cause why sanctions should not issue for his failure to appear for the noticed deposition.

Mr. Magana appeared late for the hearing on December 23, 2015.  (ECF No. 71.)  Mr. Magana stated that he received the deposition notice but did not appear because he had a court appearance that day.  Mr. Magana admitted that he did not notify counsel that he was not going to attend the deposition or contact them regarding any conflict with the noticed deposition.  Mr. Magana has been ordered to appear for a deposition on December 31, 2015 at 10:00 a.m.  (ECF No. 72.)

## II.

## LEGAL STANDARD

The only authority in the Federal Rules of Civil Procedure to sanction a nonparty to an action for failure to comply with a subpoena is Rule 45(g).  Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir. 1983).  A properly issued subpoena is itself a court order and a party's noncompliance may warrant contempt sanctions.  Pennwalt Corp., 708 F.2d at 494 n.5; U.S. S.E.C. v. Hyatt, 621 F.3d 687, 693 (7th Cir. 2010).  Rule 45(g) provides that the court "may hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or an order related to it."  Where a party is seeking to have a contempt sanction imposed against a nonparty, the nonparty has the right a meaningful opportunity to be heard. Hyatt, 621 F.3d at 697-97; Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1342 (8th Cir. 1975).  "The party moving for contempt has the burden to establish by clear and convincing evidence that the contemnor has violated a clear and specific court order."  Forsythe v. Brown, 281 F.R.D. 577, 587 (D. Nev. 2012) report and recommendation adopted, No. 3:10-CV-00716-RCJ, 2012 WL 1833393 (D. Nev. May 18, 2012).

"Once the moving party shows by clear and convincing evidence that the contemnor has violated a clear and specific court order, the burden shifts to the contemnor to show that he or she took every reasonable step to comply and to explain why compliance was not possible." Forsythe, 281 F.R.D. at 587.  The district court has wide latitude in determining if there has been contemptuous defiance of one of the court's orders.  Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992).

## III.

## DISCUSSION

Jaime Magana was personally served with the subpoena to testify at a deposition in a civil action on October 2, 2015.  (ECF No. 61-1 at 18.[1])  The subpoena ordered Mr. Magana to appear for a deposition on November 18, 2015, at 1:00 p.m.  (Id. at 17.)  Mr. Magana did not

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1  appear in compliance with the subpoena.  Defendants seek an order finding Mr. Magana in

2  contempt and request sanctions for his failure to appear at the deposition.

3          **A.      Civil Contempt**

4          Courts have the inherent power to enforce their orders through civil contempt.  Spallone

5  v. United States, 493 U.S. 265, 276 (1990).  Although "subpoenas are issued by attorneys, they

6  are issued on behalf of the Court and should be treated as orders of the Court."  Higginbotham v.

7  KCS Intern., Inc., 202 F.R.D. 444, 456 (D. Mary. 2001).  An attorney is acting as an officer of

8  the court in issuing and signing subpoenas, and defiance of a subpoena is an act of defiance of a

9  court order exposing the defiant party to contempt sanctions.  Fed. R. Civ. P. 45 (a) 1991

10  Advisory Committee Note (1991 amend.).

11          Mr. Magana appeared at the December 22, 2015 hearing and did not dispute that he was

12  properly served with the deposition subpoena.  Mr. Magana stated at the hearing that he had a

13  court appearance on the day he was to attend the deposition and did not know how to contact the

14  deposing party.  However, the Court does not accept Mr. Magana's excuse that he had no way to

15  find the contact information of Defense counsel.

16          The subpoena that was served on Mr. Magana contains the name, address, and phone

17  number of the party issuing the subpoena.  (ECF No. 16-1 at 17.)  Further, defense counsel

18  indicated that Mr. Magana is the boyfriend of one of the plaintiffs in this action who is

19  represented by counsel here.  Plaintiffs' counsel sent an e-mail to defense counsel on November

20  12, 2015, indicating that he had been informed that Mr. Magana would not be appearing at his

21  deposition.  (ECF No. 61-1 at 19.)  Mr. Magana could easily have reached out to Plaintiffs'

22  counsel to obtain the contact information for defense counsel had he misplaced the subpoena.

23          Mr. Magana has not shown that his compliance with the subpoena was not possible.

24  Even if Mr. Magana had a scheduled court appearance on the day of the deposition, the

25  deposition was scheduled for 10:00 a.m. and Mr. Magana did not indicate the time that he

26  appeared in court.  Further, Mr. Magana has failed to meet his burden to show that he took any

27  reasonable steps to comply with the subpoena.  He did not object to the subpoena or contact the

28  deposing party to arrange a different date if he was unavailable on the noticed date.  If Mr.

1  Magana had a conflicting court appearance, he should have contacted the deposing party to

2  arrange a different date, rather than just ignoring the subpoena.

3  　　　　Defendants have presented clear and convincing evidence that Mr. Magana failed to

4  comply with the subpoena requiring his attendance at a deposition.  Mr. Magana has not meet his

5  burden to show good cause for his failure to comply with the subpoena.  Accordingly, the Court

6  recommends that Jaime Magana be found in contempt for his failure to appear at the deposition.

7  　　　　**B.**　　　**Appropriate Remedy**

8  　　　　Having found that Mr. Magana is in contempt for his failure to appear at the deposition,

9  the Court next considers the appropriate remedy.  Defendants seek $1,622.50 for their reasonable

10 costs and attorney fees incurred in connection with Mr. Magana's failure to appear.

11 　　　　Civil contempt is characterized by the desire to compel compliance with a court order or

12 to compensate a party for the injuries incurred due to noncompliance with an order.  Falstaff

13 Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 778 (9th Cir. 1983); Ahearn ex rel.

14 N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4, 721 F.3d 1122, 1128 (9th Cir.

15 2013) ("[C]ivil contempt proceedings serve two purposes: (1) coercing compliance with a court

16 order; and (2) compensating the prevailing party.")  To determine whether a contempt sanction is

17 civil or criminal the court examines "the character of the relief itself."  Ahearn, 721 F.3d at 1129

18 (quoting Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 828 (1994)).

19 　　　　1.　　　Sanctions to Compel Compliance

20 　　　　Defendants sought and received an order compelling Mr. Magana to appear for

21 deposition.  "Generally, the minimum sanction necessary to obtain compliance is to be

22 imposed[,]" Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992), and

23 nonparties are not sanctioned for failure to comply with a subpoena in the absence of an

24 enforcement order, Fed. R. Civ. P. 45(g), Advisory Committee Notes, 2013 Amendments ("In

25 civil litigation, it would be rare for a court to use contempt sanctions without first ordering

26 compliance with a subpoena ...").  Sanctions that are imposed to coerce compliance are

27 conditional sanctions and only operate if the person found to be in contempt violates the order in

28 the future.  Whittaker Corp., 953 F.2d at 517.  In determining the coercive sanction to be

imposed, the court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." Id. (quoting United States v. United Mine Workers of America, 330 U.S. 258, 304 (1947)).

This was Mr. Magana's first failure to appear in violation of the subpoena. At this time, the Court has ordered Mr. Magana to appear for a deposition on December 31, 2015 and has advised him that failure to appear in compliance with the Court order will result in the recommendation that monetary sanctions be imposed. There is no indication that Mr. Magana will fail to comply with the order requiring him to appear for the deposition. The Court recommends that no sanctions be imposed for the purpose of obtaining compliance with the subpoena and that Mr. Magana be provided the opportunity to purge his contempt by appearing for the deposition.

       2.    Sanctions to Reimburse Defendants

Defendants also seek $1,622.50 for the expenses and attorney fees incurred due to Mr. Magana's failure to appear for deposition. Although this is the first time that Mr. Magana disobeyed the subpoena, he was personally served and was aware that he was to appear on November 18, 2015. Although Mr. Magana asserts that he had a court appearance on the date that he was subpoenaed to appear, he made no efforts to contact Defendants to reschedule the date. Further, it is apparent that someone contacted Plaintiffs' counsel to inform them that Mr. Magana was not going to appear for the deposition. Finally, the Court has previously noted the pattern by third party witnesses in this action to fail to appear in response to subpoenas. See Order Denying Defendants' Ex Parte Application for an Order Requiring Araceli Cisneros to Show Cause for Failure to Appear 2:27-28, ECF No. 70.)

A remedial sanction that is designed to compensate the complaint for actual losses is a civil contempt sanction. Pennwalt Corp., 708 F.2d at 495; Ahern, 721 F.3d at 1129-30. Here, in response to Defendants' application for an order to show cause, the Court has found that Mr. Magana is in contempt for failing to obey the subpoena requiring his attendance at the deposition. Defendants have prevailed on their request to have Mr. Magana found to be in

contempt and are therefore prevailing parties for the purpose of the instant motion.  As such, the Court finds that Defendants are entitled to be reimbursed for their costs and expenses incurred due to Mr. Magana's failure to appear for deposition.  See Pennwalt Corp., 708 F.2d at 494 n.4 (Rule 37(a)(4) authorizes an award of expenses for a motion to compel discovery and applies to motions to compel non-parties to attend depositions); see also Scruggs v. Vance, No. 2:06-CV-0633 KJM KJN, 2011 WL 6368297, at *14 n.10 (E.D. Cal. Dec. 19, 2011) ("In Pennwalt Corp., the court implicitly accepted that attorney's fees could be assessed against a nonparty.").

Defendants request $1,622.50 in monetary sanctions, representing $262.50 in costs and $1,360.00 in attorneys' fees associated with Mr. Magana's failure to appear at his deposition. The Court recommends that Mr. Magana be required to reimburse Defendants for the costs associated with the court reporters ($262.50).

Defendants are also seeking 8 1/2 hours of attorney time at $160.00 per hour to prepare and argue the instant motion.  (ECF No. 61-1 at 3.)  Hourly rates in the Fresno division for a competent experienced attorney range between $250.00 to $380.00 per hour.  Verduzco v. Ford Motor Co., No. 1:13-cv-01437-LJO-BAM, 2015 WL 4131384, at *4 (E.D. Cal. July 9, 2015). The Court finds the rate of $160.00 per hour to be a reasonable rate of compensation.

Counsel spent 4 hours preparing and editing the instant motion and 2 1/2 hours preparing for and attending the hearing on the motion.  The Court finds 6 1/2 hours to be a reasonable amount of time for litigation of this matter.  Therefore, the Court recommends that Mr. Magana be ordered to pay $1,302.50 (6 1/2 hours at $160.00 per hour plus expenses of $262.50) to compensate Defendants for the expenses incurred due to his unexcused failure to appear for the noticed deposition.

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendants' application to find Jaime Magana in contempt be GRANTED;

2. Jaime Magana be found to be in contempt for failure to attend the November 18, 2015 deposition;

3.      Jaime Magana be ordered to pay Defendants $1,302.50 for the costs incurred due to his failure to appear for the deposition; and

4.      The Office of the Clerk is DIRECTED to serve a copy of this findings and recommendations on Jaime Magana, P.O. Box 10632, 867 N. State Street, Earlimart, California 93219.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 29, 2015**

UNITED STATES MAGISTRATE JUDGE