1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   REYNALDA MOLINA, et al.,                  No.  1:13-cv-01991-DAD-SAB

12                  Plaintiffs,

13           v.                                 ORDER DECLINING TO ADOPT
                                                FINDINGS AND RECOMMENDATIONS
                                                AND DENYING DEFENDANT'S MOTION
14   CITY OF VISALIA, et. al.                   FOR SANCTIONS

15                  Defendants.                 (Doc. Nos. 61, 73, 78)

16

17          Plaintiffs filed the complaint in this action on December 4, 2013.  (Doc. No. 1.)  On

18   November 25, 2015, defendants filed a motion for an order to show cause why sanctions should

19   not issue due to Jaime Magana's failure to appear for deposition after being served with a

20   subpoena requiring him to do so.  (Doc. No. 61.)  The matter was referred to a magistrate judge

21   pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

22          In response to that motion, on December 1, 2015, the assigned magistrate judge issued an

23   order to show cause requiring Mr. Magana to appear in court on December 23, 2015 and show

24   cause why he should not be held in contempt for failing to appear at his deposition.  Mr. Magana

25   appeared at the OSC hearing, the assigned magistrate judge discharged the order to show cause

26   and ordered him to appear for his deposition on December 31, 2015.[1]  (Doc. No. 72.)

27   _____

28   [1]  Apparently, Mr. Magana appeared for his rescheduled deposition since defendants' counsel has
     not indicated otherwise to the court.

1

1  Nonetheless, on December 29, 2015, the magistrate judge filed a findings and recommendations

2  recommending that Jaime Magana be found in contempt due to his failure to appear at his

3  scheduled deposition and be ordered to pay defendants $1,302.50 ($1,040 in attorney fees and

4  $262.50 in court reporter fees). Those findings and recommendations were served on the parties

5  and contained notice that any objections were to be filed within fourteen days (14) days from the

6  date of service.

7        Mr. Magana filed objections to the findings and recommendations on January 8, 2016.

8  (Doc. No. 78.)[2]   In those hand-written objections, he explains again that he had a court

9  appearance in his own legal matter in Porterville, California the same day as his deposition in

10 this action was scheduled for and represents that he has the court paper work to prove that he

11 appeared in his own matter that day.  He also repeats his not entirely persuasive explanation that

12 he had lost his deposition subpoena and had no way to contact defense counsel to notify them in

13 advance of the conflict.[3]   Finally, he represents to the court that he has a family with small

14 children, works for the minimum wage and cannot afford to pay to defendants the amount

15 recommended by the findings and recommendations.

16       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

17 *de novo* review of this case.  Having carefully reviewed the entire file, the undersigned declines

18 to adopt the findings and recommendations.  The record in this case reflects that defense counsel

19 has experienced considerable difficulty in securing the attendance of witnesses at deposition.  It

20 also establishes that in this instance the witness, Jaime Magana, failed to contact defense counsel

21 directly to notify them that his own court date conflicted with the deposition to which he was

22 subpoenaed and that his explanation for failing to do so was a weak one.  Nonetheless, defense

23 counsel's motion before the assigned magistrate judge also established that six days prior to Mr.

24 Magana's scheduled deposition, plaintiff's counsel notified defense counsel that it was his

25

26 [2]  Defendants also filed objections but only to point out an immaterial typographical error in the findings and recommendations.

27

28 [3]  It appears clear that Mr. Magana could have easily obtained the contact information for defense counsel from plaintiff's counsel, even though the latter did not represent him.

understanding that "Jaimie Managua (sic) will not be at his scheduled deposition because he has a court appearance in another matter." (Doc. No. 61-1 at 19.). It was also undisputed that the day before the scheduled deposition of Magana plaintiff's counsel advised defense counsel that he had been informed by someone other than the witness, presumably plaintiff herself, that Mr. Magana would not be able to appear for his scheduled deposition. (Id. at 8-10, 20.) Despite this knowledge, defense counsel chose to commence the deposition and to place on the record Mr. Magana's failure to appear. While the court can understand defense counsel's frustration, apparently in part caused by difficulties encountered in obtaining the appearance of other witnesses, under these circumstances that frustration does not justify the finding of contempt and the imposition of $1,302.50 in sanctions against a non-party witness who has since appeared at his deposition as ordered by the court and apparently cooperated in those proceedings.

As one district court of this circuit has explained:

> A party moving for civil contempt must prove that the non-moving party violated a court order by clear and convincing evidence. *FTC v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir.2004). The burden then shifts to the contemnor to demonstrate she took every reasonable step to comply with the subpoena and explain why compliance was not possible. *Forsythe v. Brown*, 281 F.R.D. 577, 588 (D. Nev. 2012) (plaintiffs' expert witness failed to demonstrate he took reasonable steps to comply with defendants' subpoenas, held in contempt of court, and ordered to pay moving party's attorney's fees and costs incurred in filing order to show cause regarding contempt) (citing *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir.1992), *cert. denied*, 506 U.S. 1081 (1993). In making its contempt determination, a district court considers the witness' history of non-compliance and the extent to which the witness failed to comply during the pendency of the motion for contempt. *Id.* (citing *Bademyan v. Receivable Management Services Corp.*, 2009 WL 605789, at *2 (C.D. Cal. 2009)).

*Martinez v. City of Avondale*, No. CV-12-1837-PHX-LOA, 2013 WL 5705291, at *4 (D. Az. Oct. 18, 2013). *See also Morgutia-Johnson v. City of Fresno*, No.1:14-cv-0127-LJO-SKO, 2015 WL 1021123, *2 (E.D. Cal. Mar. 9, 2015).

Here, witness Magana has represented to both the assigned magistrate judge and the undersigned that he had a court appearance in his own action scheduled for the same day as his noticed deposition and has offered to present evidence that he did in fact appear in that court on

the day in question.  Defendants have not presented any evidence to the contrary.  While Mr. Magana's explanation for not notifying defense counsel directly of the scheduling conflict is undeniably a weak one, the record establishes that defense counsel were aware of the alleged conflict several days before the scheduled deposition.  The undersigned has also considered that Mr. Magana has no history of noncompliance with court orders and in fact appears to have complied with the magistrate judge's order issued at the order to show cause hearing.  While his manner of communication was flawed, the third party witness appears to have had an adequate explanation for why he was unable to appear on the scheduled date and thereafter has cooperated in the taking of his deposition.  Under these circumstances, he should not be held in contempt and the imposition of sanctions under Rule 45(g) of the Federal Rules of Civil Procedure is not appropriate.[4]

Accordingly, the findings and recommendations filed December 29, 2015 (Doc. No. 73), will not be adopted, a contempt citation will not issue and defendant's motion for imposition of sanctions against non-party witness Jaime Magana (Doc. No. 61) is denied in its entirety.

IT IS SO ORDERED.

Dated:   **February 1, 2016**                                                                      
UNITED STATES DISTRICT JUDGE

---

[4]   Defendants improperly sought imposition of sanctions under Rule 37.  As the assigned magistrate judge recognized, sanctions against a non-party witness such as Mr. Magana for failure to attend his deposition pursuant to subpoena are available only under the contempt provisions of Rule 45.  *See Morgutia-Johnson v. City of Fresno*, No.1:14-cv-0127-LJO-SKO, 2015 WL 1021123, *2 (E.D. Cal. Mar. 9, 2015); *Martinez v. City of Pittsburg,* No. C 11-01017 SBA (LB), 2012 WL 699462, at *4 (N.D. Cal. Mar. 1, 2012).