# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDA MOLINA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VISALIA, et. al.<br><br>Defendants. | Case No. 1:13-cv-01991-DAD-SAB<br><br>ORDER RE INFORMAL DISCOVERY DISPUTE<br><br>(ECF No. 86)<br><br>FIVE DAY DEADLINE |

This civil rights action is proceeding on the second amended complaint filed June 20, 2014, against the City of Visalia, and Officers Adam Collins, Daniel Roberts, and Dirk Alfano alleging unreasonable search and seizure in violation of the Fourth Amendment, violations of substantive due process in violation of the Fourteenth Amendment, and state law claims. The claims in this action arise out of an incident in which officers attempted to make a traffic stop which led to a high speed chase and resulted in injury to Nicholas Chavez and the deaths of Edwardo Maduena and Ruben Molina . (ECF No. 40.)

The parties requested an informal discovery dispute conference. On March 14, 2016, the parties filed an informal discovery dispute letter brief describing the instant dispute. An informal teleconference was held on March 16, 2016. Counsel Peter Bersin and Jesse French appeared for Plaintiffs and counsel Leonard Herr appeared for Defendants.

The issue currently before the Court concerns the representation of witness Shantel Alvarado. Ms. Alvarado was a percipient witness in this action and has been deposed by Defendants on two occasions. During her deposition on January 29, 2016, Ms. Alvarado appeared for a deposition

testifying that she did not have a job, lived with her mother and had no money for counsel. She requested to speak with an attorney prior to the deposition; and the parties agreed to postpone the deposition.

Ms. Alvarado subsequently appeared for a deposition on February 4, 2016 and was represented by an attorney. Due to Ms. Alvarado's prior statements regarding her financial status and inability to afford representation, Defendants served interrogatories on Plaintiffs asking if Plaintiffs' were providing some benefit, either financial or otherwise, directly or indirectly to Ms. Alvarado.

In response to the interrogatories, Plaintiffs replied, "Objection. The question calls for attorney-client privilege communication. Without waiving said objection, Plaintiff, Reynalda Molina, has no knowledge of who Mark Coleman, Esq. is." An addition response stated, "Objection. The question calls for attorney-client privileged communication and is compound. Without waiving said objections, Plaintiff has no knowledge concerning the subject matter of this Interrogatory and based thereon her response is no."

Defendants contend that an attorney's knowledge is imputed to his client, no attorney-client privilege exists here, and Plaintiffs should be required to provide a supplemental response as to whether Plaintiffs' attorneys paid for or provided a benefit to Ms. Alvarado. Plaintiffs argue that a party cannot serve an interrogatory on the opposing party's counsel and Defendants could have obtained the desired information from Ms. Alvarado by questioning her about how she obtained an attorney during her deposition.

Rule 26 of the Federal Rules of Federal Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Clearly whether Plaintiffs' attorneys are providing a benefit to Ms. Alvarado in this

action is relevant in assessing her testimony in this action.  Further, "[a]n attorney's knowledge, whether actually told to a client or not, is imputed to the client." McDaniel v. GEICO Gen. Ins. Co., 55 F.Supp.3d 1244, 1260 (E.D. Cal. 2014); Lee v. Pep Boys-Manny Moe & Jack of California, No. 12-CV-05064-JSC, 2016 WL 324015, at *1 (N.D. Cal. Jan. 27, 2016); Stueve Bros. Farms, LLC v. Berger Kahn, 222 Cal.App.4th 303, 316 (2013) (under general agency principles attorney's knowledge is imputed to client); Ranieri v. Kersenbrock, No. CIV. 10-00295 JMS, 2011 WL 5520609, at *9 (D. Haw. Nov. 14, 2011) (quoting Restatement (Second) of Agency § 9(3) (1958) ("[A client] has notice of a fact if his [attorney] has knowledge of the fact, reason to know it or should know it, or has been given a notification of it.").

Finally, Plaintiffs argue that the request calls for "a broad swath of information" from Plaintiffs' attorneys.  However, Plaintiffs are seeking to discover if Plaintiffs' were providing some benefit, either financial or otherwise, directly or indirectly to Ms. Alvarado.  This is not a broad far reaching request, but is designed to obtain information relevant to this litigation which may led to bias or other pertinent information.

Defendants' request to compel a supplemental response to interrogatories is granted.  In answering the interrogatory request, Plaintiff's answer must be responsive based upon her actual knowledge and the knowledge of her attorney.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's shall file a supplemental response to the interrogatory within five days from the date of service of this order.

IT IS SO ORDERED.

Dated:  **March 17, 2016**

UNITED STATES MAGISTRATE JUDGE