UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOLINA et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF VISALIA, et al., <br><br> Defendants. | Case No. 1:13-cv-01991-DAD-SAB <br><br> ORDER REGARDING ALLOCATION OF SETTLEMENT FUNDS |

### I.   BACKGROUND

On December 4, 2013, Plaintiffs Nicholas Chavez, Reynalda Molina, Jacqueline Mendez-Madueña, G.M. (a minor), J.M. (a minor), and N.A.C. (a minor), by and through their Guardian Ad Litem Veronica Ayon ("Plaintiffs") filed a complaint against City of Visalia and other Defendants related to the deaths of Edwardo Madueña and Ruben Molina .  (ECF No. 1)

This Court, Magistrate Judge Erica P. Grosjean, held a settlement conference on September 30, 2016, and the parties reached a contingent settlement agreement.  (ECF No. 146) The settlement agreement included two equal payments to (1) all Plaintiffs related to decedent Ruben Molina, and (2) all Plaintiffs related to decedent Edwardo Madueña.  The further division of the proceeds among the Plaintiffs and attorneys was not determined at the settlement conference, and is the subject of certain contractual agreements among the parties and the attorneys.

During the hearing setting forth the settlement terms on the record, the parties requested that this Court make a determination of how to divide the settlement proceeds among the four Madueña Plaintiffs: Jacqueline Mendez-Madueña, G.M. (a minor), J.M. (a minor), and N.A.C. (a minor).  Attorneys for these Plaintiffs stated that they had a conflict of interest in recommending a division among the parties because their attorneys' fees varied based on the allocation among these parties.  The Court agreed to make a determination of the allocation and invited confidential submissions from all interested parties.

The Court has received confidential submissions from Ms. Ayon, as guardian *ad litem* for the three minor children, Jaqueline Madueña, and attorney Charles P. Charlton.  After consideration of those submissions and relevant law, the Court finds as follows.

**II.     DISCUSSION**

Decedent Edwardo Madueña was survived by his wife, Jaqueline Madueña.  Mr. and Ms. Madueña had one living child together at the time of Mr. Madueña's death: G.M.  Furthermore, Ms. Madueña was pregnant with their child, J.M., at the time of Mr. Madueña's death.  Additionally, Mr. Madueña had one surviving child born out of wedlock, N.A.C.  Ms. Madueña currently cares for G.M. and J.M.  Ms. Madueña has remarried and now lives with her partner, Jaime Magaña, and has two additional children with him.  Ms. Madueña states that she has been getting assistance from Child Welfare Services.

Although not binding, this Court has looked at California Probate Code for guidance, which provides as follows:

> (a) As to community property, the intestate share of the surviving spouse is the one-half of the community property that belongs to the decedent under Section 100.
>
> (b) As to quasi-community property, the intestate share of the surviving spouse is the one-half of the quasi-community property that belongs to the decedent under Section 101.
>
> (c) As to separate property, the intestate share of the surviving spouse is as follows:

(1) The entire intestate estate if the decedent did not leave any surviving issue, parent, brother, sister, or issue of a deceased brother or sister.

(2) One-half of the intestate estate in the following cases:

   (A) Where the decedent leaves only one child or the issue of one deceased child.

   (B) Where the decedent leaves no issue, but leaves a parent or parents or their issue or the issue of either of them.

(3) One-third of the intestate estate in the following cases:

   (A) Where the decedent leaves more than one child.

   (B) Where the decedent leaves one child and the issue of one or more deceased children.

   (C) Where the decedent leaves issue of two or more deceased children.

California Prob. Code, § 6401.  Moreover, Separate Property is defined as:

(1) All property owned by the person before marriage.
(2) All property acquired by the person after marriage by gift, bequest, devise, or descent.
(3) The rents, issues, and profits of the property described in this section.

California Fam. Code, § 770.

     The Probate Code provides as follows regarding the portion of the estate not passing to the surviving spouse: "To the issue of the decedent, the issue taking equally if they are all of the same degree of kinship to the decedent."  Prob. Code, § 6402(a).

     The Court finds that the provision in the Probate Code for Separate Property in the event where a decedent leaves a spouse and more than one child is the most analogous provision in this code.  The allocation in the Probate Code for that situation is as follows: one third to the spouse; the remaining two thirds divided equally among all three children.

     While the Probate Code is merely guidance in this situation, the Court finds that it provides a fair and reasonable allocation of the settlement proceeds.  The settlement payment is akin to separate property in that it arose after the marriage, and Ms. Madueña's interest stems from her marriage to the Decedent.  The allocation as set forth in the Probate Code provides

3

substantial benefit to Ms. Madueña as the surviving spouse, who has lost the companionship of her husband and continues to care for their two joint children. The allocation also provides equal and substantial benefit to all three of Mr. Madueña's children, at a smaller but nevertheless substantial percentage as the allocation for Ms. Madueña herself.

Accordingly, the Court orders as follows:

The Settlement Proceeds due to Ms. Madueña and the three minor children shall be as follows:

    1/3 to Ms. Madueña

    2/9 to J.M.

    2/9 to G.M.

    2/9 to N.A.C.

IT IS SO ORDERED.

Dated: **October 17, 2016**　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE