# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOLINA et al., | Case No. 1:13-cv-01991-DAD-SAB |
| Plaintiffs, | ORDER REGARDING ALLOCATION OF SETTLEMENT FUNDS |
| v. | (ECF No. 161.) |
| CITY OF VISALIA, et al., | |
| Defendants. | |

On December 9, 2016, the Court heard oral argument on the petition for approval of compromise of minors' claim. (ECF No. 161.) Counsel Peter Bersin and Charles Charlton appeared telephonically for the Plaintiffs, and counsel Leonard Herr was telephonically present for Defendants. (ECF No. 162.) Plaintiff/Plaintiff Representative Veronica Ayon and Jaqueline Mendez-Maduena present telephonically present. For the reasons described on the record, the Court GRANTS the petition for approval of compromise of minors' claims and the settlement is APPROVED.

District courts have a special duty to safeguard the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). This special duty is derived from Federal Rule of Civil Procedure 17(c), which provides that "a district court 'must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.'" *Id*. (quoting FED. R. CIV. P. 17(c)). "In the context of

proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id*. (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir.1978)).

As part of the relevant inquiry, the district court is required to evaluate "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id*. at 1182. "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id*. The duty to safeguard the interests of minors in settlement has been codified in this Court's Local Rule 202. *See* CAED-LR 202.

The petition, reviewed in conjunction with the record in this case and the record created at the December 9, 2016 hearing, provides the minimum information required by the Local Rule. The disclosures in the petition indicate that the interests of the minors were adequately protected in this case.  The Court finds that the Petition, along with the record, includes the information required by Local Rule 202(b)(2), (c), the standards laid out in *Robidoux*, and addresses the required details of the proposed compromise.  Relevant factors indicating that the settlement is fair and reasonable were the difficulty of the case, the amount of legal services provided by the attorneys (including pre-trial investigation, drafting pleadings, depositions, and trial preparation), the quality of the representation, and the procedural posture of the case at the time of settlement. Therefore, the Court thus finds that the proposed settlement for the minors is fair, reasonable, and proper.

Accordingly, the petition (ECF No. 161) is GRANTED and the settlement is APPROVED.  The minor Plaintiffs' counsels' costs and attorney fees are fair and reasonable and should be awarded in amounts requested.

IT IS SO ORDERED.

Dated:   **December 16, 2016**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE

2